IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUBY J. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09CV681-SRW |
| | ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Ruby J. Anderson brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits under the Social Security Act. On October 20, 2009, upon the Commissioner's motion, the court remanded this action to the Commissioner for further proceedings pursuant to sentence six of § 405(g), without entry of judgment. (R. 343-45). On April 23, 2010, the Appeals Council remanded the case to an administrative law judge ("ALJ") with instructions to "take any further action needed to complete the administrative record and issue a new decision, on the issue of disability before September 3, 2008[.]" (R. 39-40).[1] The ALJ conducted a hearing on August 5, 2010 (R. 614-30), and, on August 19, 2010, issued a decision concluding that

---

[1] The Appeals Council limited the ALJ's consideration to the period before September 3, 2008, because plaintiff had been found, on the basis of a subsequent application, to be disabled as of that date. (R. 40).

plaintiff was not disabled prior to September 3, 2008.  (R. 13-23).  On February 11, 2011, the Commissioner answered the complaint and filed a certified administrative transcript; the Commissioner moved to reopen the case advising the court that administrative proceedings on remand had been completed.  (Doc. ## 13-15).  The court granted the Commissioner's motion to reopen the case.  (Doc. # 19).

However, upon review of the record and briefs submitted by the parties, it appears that administrative proceedings have not, in fact, been completed.  Plaintiff has attached to her brief a "Request for Review of Hearing Decision/Order" with a date stamp indicating that it was received at the Dothan Social Security office on August 27, 2010.  (Doc. # 22-2).  In his brief, the Commissioner concedes – citing this document – that "Plaintiff filed exceptions to the ALJ's decision (Docket 22-2), but the Appeals Council did not assume jurisdiction, making the ALJ's decision the Commissioner's final decision for purposes of judicial review."  (Commissioner's brief, p. 2).  The Commissioner cites no evidence of record in support of his assertion that the Appeals Council declined to assume jurisdiction.  (Id.).[2]

---

[2] It is not apparent to the court that this document, filed with the Dothan office, demonstrates proper filing of exceptions.  In contrast with the Commissioner's regulations regarding request for review of an ALJ's decision in cases other than those remanded by a court, which provide expressly for filing in a local SSA office, the regulations governing court-remand cases require that exceptions be filed directly with the Appeals Council.  *Compare* 20 C.F.R. §404.984(b)(in court remand cases, "[e]xceptions may be filed by submitting a written statement to the Appeals Council" within 30 days of receipt of ALJ decision) and 20 C.F.R. § 404.968 (request for review may be filed within 60 days "at one of our offices" but request for extension of time to request review "must be filed with the Appeals Council").  However, the Commissioner does not contend that plaintiff's request for review was not filed properly, and the court accepts the Commissioner's concession that plaintiff filed exceptions to the ALJ's decision.  See also R. 10 (notice of ALJ's decision directing claimant to send written exception to the Appeals Council and providing mailing address but stating, also, that "[i]f

On remand from a federal court, the Appeals Council may either make a decision on the case itself or it may remand the case to an ALJ for a decision on the case or a "recommended decision" to be returned to the Appeals Council for action. 20 C.F.R. § 404.983.[3] In this instance, the Appeals Council remanded the case to an ALJ with instructions to issue a new decision. (R. 39-40). Eight days after the ALJ issued the new decision, as noted above, plaintiff submitted a "Request for Review of Hearing Decision/Order" form to the Social Security office in Dothan, Alabama. (Doc. # 22-2).[4]

The Commissioner's regulations specify the manner in which the Appeals Council must respond to timely-filed written exceptions in court-remand cases:

> If written exceptions are timely filed, the Appeals Council will consider your reasons for disagreeing with the decision of the administrative law judge and all the issues presented by your case. If the Appeals Council concludes that there is no reason to change the decision of the administrative law judge, *it will issue a notice to you addressing your exceptions and explaining why no*

---

you need help, you may file in person at any Social Security or hearing office").

[3] This regulatory provision incorporates the procedures of § 404.977 in cases remanded to an ALJ by the Appeals Council. Only the first two subsections of § 404.977 apply in the present case; subsections (c)(d) and (e) pertain to cases in which the Appeals Council remands for a "recommended decision."

[4] Five and a half weeks later, plaintiff's counsel's office submitted additional evidence to the Appeals Council by facsimile. (Doc. # 28-1). The parties disagree about the standard governing this court's review of the additional evidence which, like plaintiff's request for review, is not a part of the certified administrative transcript the Commissioner has filed with the court. The Commissioner contends that the court may consider the evidence only to determine whether plaintiff's additional evidence satisfies the requirements for a sentence six new evidence remand; plaintiff contends that the evidence was before the Commissioner at the administrative level and this court should, therefore, consider it in determining whether the Commissioner's decision is supported by substantial evidence. This issue turns on whether plaintiff's additional evidence was timely filed and submitted to the Commissioner properly at the administrative level.

> *change in the decision of the administrative law judge is warranted.* In this instance, the decision of the administrative law judge is the final decision of the Commissioner after remand.

20 C.F.R. § 404.984(b)(2)(emphasis added). The Commissioner cites no such notice and the court has not located, in its review of the certified transcript, any Appeals Council action addressing plaintiff's exceptions to the ALJ's decision. Plaintiff does not indicate, in her summary of the proceedings on remand, that she received any notice from the Appeals Council notifying her of its decision regarding whether to assume jurisdiction of her case. (See Plaintiff's brief, p. 2)("On August 27, 2010, Ms. Anderson filed a Request for Review of Hearing Decision with the Appeals Council (Exhibit 1). On February 11, 2011, Defendant filed a Motion to Reopen this case in the Middle District of Alabama.").

Thus, it appears that – contrary to the Commissioner's representation in his motion to reopen this case – administrative proceedings have not been completed. The court cannot assume, for purposes of its review, that the Appeals Council actually declined to assume jurisdiction of plaintiff's case or that it would have done so had it considered plaintiff's written exceptions. Accordingly, and for good cause, it is

ORDERED that this court's order granting the Commissioner's motion to reopen this case is VACATED as – due to plaintiff's written exceptions – this case remains pending before the Commissioner on the court's previous remand order.[5]

---

[5] See 20 C.F.R. § 404.984(b)(3)("When you file written exceptions to the decision of the administrative law judge, the Appeals Council may assume jurisdiction at any time, even after the 60-day time period which applies when you do not file exceptions. If the Appeals Council assumes jurisdiction, it will make a new, independent decision based on the preponderance of the evidence

It is further ORDERED that the Clerk is DIRECTED to close this appeal, pending conclusion of administrative proceedings on remand.  The Commissioner is DIRECTED to move to reopen the case after he has completed administrative action in accordance with his regulations and must, at that time, file a complete transcript of the administrative proceedings.

DONE, this 27th day of September, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

in the entire record affirming, modifying, or reversing the decision of the administrative law judge, or it will remand the case to an administrative law judge for further proceedings[.]").